**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **TERESA CASTILLO, 37420-177,** | § | |
| **Petitioner,** | § | |
| | § | **3:11-CV-420-D** |
| **v.** | § | **3:08-CR-119-D(02)** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I.  Procedural Background**

On April 1, 2009, a jury found Petitioner guilty of conspiracy to possess with intent to distribute and distribution of cocaine, in violation of 21 U.S.C. § 846. On March 5, 2010, the Court sentenced Petitioner to 151 months in prison. Petitioner did not file a direct appeal.

On March 1, 2011, Petitioner filed the instant habeas petition pursuant to 28 U.S.C. § 2255. She argues:

1.    The Court violated her right to a speedy trial;

2.    She received ineffective assistance of counsel when counsel:

(A)    advised her not to file a direct appeal;

(B)    failed to argue her right to a speedy trial was violated; and

(C)    was not sufficiently fluent in Spanish to "adequately convey the

Page 1

circumstances" of the case.

On September 24, 2012, Respondent filed its answer. Petitioner did not file a reply. The Court now finds the petition should be denied.

## II.  Discussion

**1.      Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5ᵗʰ Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

**(A)      Language barrier**

Petitioner states her counsel was ineffective because of a language barrier. She states she does not speak English. She argues her counsel was not sufficiently fluent in Spanish "to

Page 2

adequately convey the circumstances" of the case.  (Pet. at 15.)

Petitioner's claim is insufficient to show ineffective assistance of counsel.  She does not state which of her three attorneys was insufficiently fluent in Spanish.  The Court initially appointed Todd Durden to represent Petitioner.  Prior to trial, Petitioner retained Bill Stoval to represent her.  At sentencing, Petitioner retained Rafael de la Garza to represent her.  Further, Petitioner does not explain how any language barrier rendered her counsel ineffective.  This claim is conclusory and should be denied.  *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

**(B)    Advice**

Petitioner argues her counsel was ineffective because he "ill-advised" Petitioner not to file a direct appeal.  (Pet. at 15.)  Petitioner, however, does not state what meritorious claim Petitioner could have filed on appeal.  She therefore fails to show deficient performance or the required *Strickland* prejudice.

Further, Petitioner states her counsel believed the government would file a motion for downward departure if she did not file an appeal.  In fact, in consideration for Petitioner waiving her right to appeal, the government did file a motion for downward departure of four levels based on her substantial assistance.  (*See* Sent. Agreement.)  Petitioner's claim of ineffective assistance of counsel is without merit and should be denied.

**(C)    Speedy trial**

Petitioner argues her counsel was ineffective for failing to argue that her right to a speedy trial was violated when the Court granted continuances of the trial without stating its reasons on

the record.

The Speedy Trial Act, 18 U.S.C. §§ 3161-3174, ("Act"), generally requires a defendant's trial to start within seventy days of his indictment or appearance before a judicial officer. 18 U.S.C. § 3161(c). A court, however, may grant a continuance of the trial if it finds that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). If the court grants such a continuance, the court must set forth in the record, either orally or in writing, its reasons for finding that the ends of justice are outweighed by the interests of the public and the defendant. *Id.* Petitioner argues the Court failed to set forth its reasons for granting the continuances, and therefore these continuances violated her right to a speedy trial.

The record shows that Petitioner's trial was initially set for July 14, 2008. On June 20, 2008, the Court entered an order resetting Petitioner's trial date to August 18, 2008. The Court stated its reasons in the order resetting Petitioner's trial. The Court stated that it was setting the trial date for all defendants in this multi-defendant case to the same date.

On July 25, 2008, the government filed a motion for continuance. On July 28, 2008, the Court granted the continuance and stated its reasons in the order. The Court determined the case was complex, and that failure to grant the continuance would deny the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See*, 18 U.S.C. §§ 3161(h)(7)(B)(ii), 3161(h)(7)(B)(iv).

On September 24, 2008, defense counsel filed a motion for continuance of the trial date. Defense counsel, Bill Stoval, stated he had recently been retained by Petitioner and needed a continuance to gather and review the evidence. The Court granted this motion and stated its

Page 4

reasons in the order.  The Court found that failure to grant the continuance would deny defense

counsel the reasonable time necessary for effective preparation, taking into account the exercise

of due diligence.  *See* 18 U.S.C. § 3161(h)(7)(B).

On December 29, 2008, the government filed a motion for continuance, which defense

counsel joined.  Both counsel stated they needed a continuance due to conflicting schedules and

other pending cases.  The Court granted the motion and stated its reasons in the order.  The Court

found that failure to grant the continuance would deny defense counsel and the government the

reasonable time necessary for effective preparation, taking into account the exercise of due

diligence.  *See*, 18 U.S.C. §§ 3161(h)(7)(B)(iv), 3161(h)(7)(A).

The record shows the Court complied with the requirements of the Speedy Trial Act by

setting forth its reasons for each continuance of Petitioner's trial date.  Petitioner has failed to

show his counsel was ineffective for failing to argue that her right to a speedy trial was violated.

*United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) (counsel is not required to make

frivolous objections).

## 2.      **Speedy Trial**

Petitioner argues the Court violated her right to a speedy trial when it granted

continuances without explaining its reasons on the record.  Petitioner, however, waived her right

to raise this claim.  The claim is also without merit.

The record shows that after Petitioner was convicted by a jury, she signed a sentencing

agreement.  The sentencing agreement contained the following waiver:

> [Petitioner] . . . agrees to waive her rights, conferred by 28 U.S.C. § 1291 and 18
> U.S.C. § 3742, to appeal from the conviction and sentence.  She further waives her right
> to contest her conviction and sentence in any collateral proceeding, including proceedings

under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. [Petitioner], however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of her plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

(Sent. Agreement at 2.)

It is well settled that an informed and voluntary waiver of post-conviction relief under § 2255 "is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). The record shows Petitioner stated on the record that she understood the rights she was waiving and that her waiver was entered knowingly and voluntarily. (Sent. Tr. at 7-8.) Petitioner's speedy trial claim is therefore waived.

Additionally, as discussed above. Petitioner's speedy trial claim is without merit. The Court stated its reasons on the record for granting each trial continuance. This claim should be denied.

## RECOMMENDATION

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 19th day of November, 2012.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

Page 6

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner

provided by law.  Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §

636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's report and recommendation where the disputed

determination is found.  An objection that merely incorporates by reference or refers to the

briefing before the magistrate judge is not specific.  Failure to file specific written objections will

bar the aggrieved party from appealing the factual findings and legal conclusions of the

magistrate judge that are accepted or adopted by the district court, except upon grounds of plain

error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).